IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ALLAN GRANGER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-3442 |
| ONE CALL LENDER SERVICES, LLC., | : | |
| ET AL. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION**

**Tucker, J.** **July _26_, 2012**

Presently before the Court is a Request for Determination of Damages and Permanent

Injunctive Relief following this Court's Entry of Default Judgment (Doc. 14) for Plaintiff John Allan

Granger.[1] Upon consideration of Plaintiff's Declaration of Damages, and the evidentiary damages

hearing held before the Court on July 19, 2012, Plaintiff's Request will be granted in part and denied

in part for the reasons set forth below.

## I. FACTUAL BACKGROUND

Plaintiff, John Allan Granger, brings this action against Defendants One Call Lender

Services, LLC, One Call Title Services, LLC, and Michael M. Hudlow[2] ("Defendants") for copyright

infringement, circumvention of copyright protection systems, integrity of copyright information, and

unfair competition in violation of the Federal Copyright Act of 1976, as amended, 17 U.S.C. §101,

et. seq.; the Lanham Trademark Act at Sec. 43a, 15 U.S.C. § 1125(a); the Pennsylvania Unfair Trade

---

[1] Plaintiff John Allan Granger filed a Complaint against Defendants above on July 13, 2010. (Doc. 1). The docket in
the above-captioned case indicates that the Defendants were served with the summons and complaint. As of the date
of this Memorandum, Defendants have failed to respond to the Complaint or Entry of Default Judgment.

[2] Michael Levin has been terminated from this matter as a Defendant. Levin was dismissed by stipulation after his
affidavit indicated that Levin resigned any and all interest he may have had with One Call Lender Services effective
prior to the events alleged in Plaintiff's Complaint. (Doc. 30, pg. 1; Doc. 6).

Practices and Consumer Protection Law, 73 P.S. § 201; and the Digital Millennium Copyright Act of 1998, as amended, 17 U.S.C. § 1201, et seq.

In 1997, Plaintiff created and authored an original work, a computer program, titled the "Pennsylvania Title Insurance Rate Calculator" (hereinafter "Rate Calculator"), which estimates the rate or cost of real estate title insurance sold by title insurance agents. (Compl. ¶ 20). In 2002, Plaintiff amended, altered, and recreated this work to reflect and update the present rates at that time. (Compl. ¶ 21). On October 2, 2006, Plaintiff registered this computer program with the United States Copyright Office and complied in all respects with the registration and deposit requirements of the Copyright Act. (Compl. ¶ 24, Ex. F).

Plaintiff advertises his Rate Calculator on an internet web page located at http://ww.alphaadv.net/patitle/ratecalc.html as a product sample under license to title insurance agents and real estate industry professionals, and Plaintiff's copyright ownership is noticed on all sample programs and products with the Rate Calculator. (Compl. ¶¶ 25, 28). Plaintiff also further incorporated certain additional and/or embedded protective features within his Rate Calculator to prevent or inhibit unauthorized infringement of the work, which includes, *inter alia*, the following: (1) external notices "Copyright 1997 – 2002 by John Granger" and "All Rights Reserved"; (2) internal notices embedded in the internal source code; and (3) internal copyright management, i.e. a cloaking device. (Compl. ¶¶ 28-32). This cloaking device is a type of watermark, a combination of program code and comments.  If it is not removed carefully, the device can leave a tell-tale sign as to the origin of the work. (Doc. 30, pg. 5).

On or about April 10, 2004, the Defendants placed, or caused to be placed, an infringing version of the Plaintiff's Rate Calculator on Defendants' website, http://www.useonecall.com, and other infringing derivative works for other states which were substantially derived from Plaintiff's Rate Calculator. (Compl. ¶¶ 36-37). On or about July 16, 2007, Plaintiff discovered the infringing

-2-

works appearing on Defendants' website. (Compl. ¶ 41). On or about July 23, 2007, by certified mail, Plaintiff requested that One Call supply a copy of their licensing agreement to legally use Plaintiff's Rate Calculator or the derivative works therefrom. (Compl. ¶ 42, Ex. M). Although Defendants failed to respond to Plaintiff's letter, the infringing material was removed from Defendants' website on or about July 30, 2007. (Compl. ¶¶ 43-44). On or about August 13, 2007, by certified mail, Plaintiff sent Defendants a written Notice of Acknowledgment of Use of Copyrighted Material without license. (Compl. ¶ 45, Ex. N). At no time did any of the Defendants attempt to claim or protect any rights to the rate calculator then on Defendants' website, which was claimed to be authored by the Plaintiff. (Compl. ¶ 46).

Plaintiff filed his Complaint within this Court on July 13, 2010. (Doc. 1). Defendant One Call Lender Services, LLC was served on November 9, 2010. (Doc. 4). Defendant One Call Title Services, LLC was served on February 28, 2011 by service to Defendant Michael Hudlow who was also served on the same date. (Doc. 30, pg. 8). The Affidavits of Service were filed on February 9, 2011 (Doc. 9). Each Defendant failed to respond. (Doc. 30, pg. 1). Accordingly, on June 5, 2012, this Court granted Plaintiff's Motion for Default Judgment against Defendants One Call Lender Services, LLC, One Call Title Services, LLC, and Michael M. Hudlow. (Doc. 14). An evidentiary hearing was held on July 19, 2012 to evaluate the damages requested by Plaintiff.

## II.    DISCUSSION

Once a party has defaulted, the consequence is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." DIRECTTV, Inc. v. Pepe, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)). Having already determined that Plaintiff has a valid copyright infringement claim and a default judgment is appropriate in this case, this court considers the appropriate remedies.

Plaintiff seeks: (1) permanent injunctive relief (17 U.S.C. § 502); (2) actual or statutory

-3-

damages as to his claim for copyright infringement (17 U.S.C. § 504); (3) actual or statutory damages as to Plaintiff's federal and state claims for unfair competition (15 U.S.C. § 1125(a), 73 P.S. 201-2); (4) statutory damages for each derivative work as an act of willful copyright infringement (17 U.S.C. § 504(c)); (5) statutory damages as to each act of circumvention and each violation of copyright management information law (17 U.S.C. § 1203(c)); and (6) costs and reasonable attorney's fees (17 U.S.C. §§ 505, 1203(b)).[3] (Compl. ¶¶ A-E; Doc. 13-1, pg. 11). This Court will address each remedy in turn.

A.    Damages for Copyright Infringement

Plaintiff requests in his Complaint either: (1) actual damages and any additional profits of the infringer; or (2) statutory damages as determined by the court for a sum of not less than $750 nor more than $30,000 per act of infringement, or in the case of willful infringement, as alleged herein, a sum not more than $150,000 per act (Compl. ¶¶ 67, 85), in accordance with 17 U.S.C. § 504. Plaintiff provided testimony regarding actual damages during the July 19, 2012 hearing, however, the Court finds "[t]he award of statutory damages is especially fitting in the default judgment context," especially when no discovery has taken place. Evony, LLC v. Holland, No. 11-00064, 2011 WL 1230405, at *3 (W.D. Pa. 2011 Mar. 31, 2011).

A defendant acts willfully within the meaning of § 504(c)(2) if the "defendant actually or constructively knows (as inferred from the defendant's conduct) that his actions constitute an infringement." Evony, 2011 WL 1230405, at *5 (citing N.A.S. Import, Corp. v. Chenson Enters., Inc., 968 F.2d 250, 252 (2d Cir.1992)). A default judgment leads to a conclusion that a defendant's actions were willful. See Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 542 (E.D. Pa. 2008) (citation omitted).

---

[3] In Plaintiff's Memorandum in support of his Motion for Default Judgment, Plaintiff also requested "destruction of all infringing articles" pursuant to 17 U.S.C. § 503. (Doc. 13-1, pg. 11). However, since this request was not made in Plaintiff's Complaint, the Court will decline to address this remedy.

However, an award of $150,000 per infringed work is clearly excessive. Cf. Joe Hand Promotions v. Burg's Lounge, 955 F.Supp. 42, 44 (E.D.Pa.1997) (requiring evidence of "egregious circumstances" before awarding the maximum amount of statutory damages); see also Palmer v. Slaugher, No. 99–899–GMS, 2000 WL 1010261, at *4 (D. Del. July 13, 2000) (declining to award the maximum amount of statutory damages). Here, Plaintiff concedes that Defendants removed the infringing material from their website following Plaintiff's letter of July 23, 2007. (Compl. ¶ 44). Furthermore, there is no indication that Defendants have continued their infringement, which might warrant the maximum award in statutory damages.

Nevertheless, the Court "does recognize the need to compensate Plaintiff for his losses and to deter Defendants and others from violating the copyright laws in the future." Palmer, 2000 WL 1010261, at *4 (citations omitted). Here, Defendants maintained an infringing version of Plaintiff's Calculator on their website for approximately three years until its removal on July 30, 2007. (Compl. ¶¶ 36, 43). Under these circumstances, the Court believes that a statutory damages award of $12,000 per work is warranted, especially since there is lack of evidence of any actual loss to Plaintiff apart from his licensing fees.[4] Cf. Palmer, 2000 WL 1010261, at *4 (finding a multiplier of ten adequate for the calculation of statutory damages).

Although Plaintiff claims that each derivative work (Defendants' New Jersey, Maryland, Florida, Indiana, and Virginia Calculators) should each be considered a separate "work," the Court finds this argument unpersuasive. "A single infringer of a single work is liable for a single amount . . . . no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series." Gloster v. Relios, Inc., No. 02-7140, 2006 WL 1804572, at *2 n.3 (E.D. Pa. June 28, 2006) (quoting H.R.Rep. No. 1476 at 162, reprinted

---

[4] Plaintiff advised this Court that his annual licensing fee was $500 per year per state during the July 19, 2012 hearing. However, Plaintiff's license fee was $350 per year prior to February 9, 2006.(Doc. 13-1, pg. 14 n.5). Since Defendants maintained their infringing works for three years prior to Plaintiff's discovery on July 16, 2007, Plaintiff correspondingly lost three years of licensing fees for an amount of $1,200 ($350 + $350 + $500).

in 1976 U.S.C.C.A.N. at 5659, 5778); accord Walt Disney Co. v. Powell, 897 F.2d 565, 569 (D.C.Cir.1990). Accordingly, Plaintiff is entitled to recover for only one work since Defendants only infringed upon Plaintiff's single Rate Calculator, and all remaining calculators were merely derivative works of the Rate Calculator.

      B.      Damages for Unfair Competition

In addition to damages under the Copyright Act, Plaintiff seeks damages for unfair competition under the Lanham Act (15 U.S.C. § 1117) and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201). (Compl. ¶¶ 92, 96). However, courts have recognized the bar to double recovery in the intellectual property context. See, e.g., Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc., 658 F. Supp. 458, 467 (E.D. Pa. 1987) (finding that any additional award under the Lanham Act would be duplicative of the award already awarded plaintiff under the Copyright Act); Evony, LLC, 2011 WL 1230405, at *4 (holding that the "[p]laintiff [is] not entitled to duplicative recoveries for the same intellectual property infringement violations under multiple theories of liability"). Furthermore, Plaintiff concedes that he is not entitled to double recovery. (Doc. 13, pg. 5). Therefore, the Court will not award damages as to Counts III and IV beyond those awarded under the Copyright Act.

      C.      Damages Under the Digital Millennium Copyright Act (DMCA)

Plaintiff also requests that this Court award statutory damages pursuant to §§ 1201- 1202 of $2,500 per act of circumvention of copy protection systems and per act involving integrity of copyright management information. (Doc. 13, pgs. 5-6).

For violations of the integrity of copyright management information ("CMI") under § 1202, a "[c]omplaining party may elect to recover an award of statutory damages for each **violation** of section 1202 in the sum of not less than $2,500 or more than $25,000." 17 U.S.C. § 1203(c)(3)(B) (emphasis added). Section 1202 provides in part:

-6-

(a) No person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement -

    (1) provide copyright information that is false, or

    (2) distribute or import for distribution copyright management information that is false.

(b) No person shall, without the authority of the copyright owner or the law -

    (1) intentionally remove or alter any copyright management information, [or]

    (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,

knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(a)-(b).

CMI is defined as "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." IQ Group, Ltd. V. Wiesner Pub., LLC, 409 F. Supp. 2d 587, 596 (D.N.J. 2006) (quoting S.Rep. No. 105-190 (1988)), overturned on other grounds by, Murphy v. Millennium Radio Group LLC, 650 F.3d 295 (3d Cir. 2011). Unfortunately, the DMCA does not define the scope or meaning of the phrase "each violation."

In McClatchley v. Associated Press, the court defined the term "each violation" to mean "each violative act performed by Defendant." No. 3:05-cv-145, 2007 WL 1630261, at *5-6 (W.D. Pa. June 4, 2007) (internal quotations omitted). Accordingly, a defendant "violate[s] the DMCA each time it wrongfully distributed a [copyrighted work]." Stockwire Research Group, Inc. v. Lebed, 577 F. Supp. 2d 1262, 1267 (S.D. Fla. 2008) (quoting McClatchey, 2007 WL 1630261, at *6).

Plaintiff contends that the Defendants' following conduct constitutes separate, distinct, and intentional acts involving the integrity of copyright information: (1) removing Plaintiff's name from internal source code in the computer program; (2) removing the external copyright notice: "Copyright 1997-2002 by John Granger"; (3) removing the external copyright notice: "All Rights

Reserved Notice"; (4) removing Plaintiff's internally embedded notices; (5) inserting the name of One Call Lender Services, LLC as web developer and author of the computer program; and (6) distributing and causing to be distributed, the work at issue knowing that said copyright information was false. (Compl. ¶ 108).

However, the individual items of CMI that Defendants removed are immaterial to this analysis. Cf. Stockwire, 577 F. Supp. 2d at 1265 n.3. But rather, the number of "violations" is consistent with "the number of times the [u]nauthorized [p]roduct [is] posted on the internet for distribution." Id. at 1267. Accordingly, for purposes of §§ 1202 and 1203(c)(3)(B), Defendants posted the infringing product onto the internet on six separate occasions (Pennsylvania, New Jersey, Maryland, Florida, Indiana, and Virginia), thereby committing six violative acts. See McClatchley, 2007 WL 1630261, at *6. As Plaintiff seeks the minimum statutory award under this section of the DMCA, this Court will award the requested $2,500 for each act of posting the Rate Calculator in violation of Section 1202, for a total of $15,000.

Plaintiff also requests statutory damages of $2,500 per act of circumvention in violation of 27 U.S.C. § 1201. In the Third Circuit, the legal theory of circumvention has been applied solely to circumstances where the conduct complained of entails circumventing protective measures such as passwords, server software, or other technological barriers, as opposed to the embedded copyright tag line at issue in the present case. Murphy, 650 F.3d at 300; Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey, 497 F. Supp. 2d 627, 644 (E.D. Pa. 2007) (finding that "a person circumvents a technological measure only when he affirmatively performs an action that disables or voids the measure that was installed to prevent . . . [access to] the copyrighted material"). In this case, the acts of circumvention listed in Count V of Plaintiff's complaint fail to meet the necessary definition of circumvention as demanded by 27 U.S.C. § 1203(c)(3)(A). Thus, the Court declines to award damages based on Plaintiff's circumvention argument.

-8-

### D.    Permanent Injunction

Plaintiff also seeks a permanent injunction to prevent Defendants from appropriating and using Plaintiff's copyrighted works, or from selling or delivering its infringing works to the public. (Compl. ¶¶ B, C). Section 502(a) of the Copyright Act provides that any court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In the copyright context, "[w]hen past infringement and a substantial likelihood of future infringements is established, a copyright holder is ordinarily entitled to a permanent injunction against the infringer." A & N Music Corp. v. Venezia, 733 F.Supp. 955, 957 (E.D.Pa.1990).

To obtain a permanent injunction, a "plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." DISH Network L.L.C. v. Jones, No. 12-1273, at *3 (E.D. Pa. July 16, 2012) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). In eBay, the Supreme Court reversed the Court of Appeals, rejecting a rule that "an injunction automatically follows a determination that a copyright has been infringed." eBay, 547 U.S. at 391 (citing New York Times Co. v. Tasino, 533 U.S. 483, 505 (2001)).

"The Third Circuit has not yet addressed the issue of whether the Supreme Court's eBay ruling abrogated the rebuttable presumption articulated by the Third Circuit in Katzman."[5] Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc., No. 11–01665, 2012 WL 1080144, at *7 (E.D. Pa. Mar. 30, 2012). However, the plaintiff must generally make a clear showing that without

---

[5] Educ. Testing Svcs. v. Katzman, 793 F.2d 533 (3d Cir.1986).

the injunction, plaintiff **will** suffer injury or harm that is both immediate and irreparable. Id. at *13 (emphasis added). Because injunctive relief is prospective, "a permanent injunction will issue only where a threat of harm exists, not just where potential harm exists." DISH Network, No. 12-1273, at *3 (quoting McLendon v. Cont'l Can Co., 908 F.2d 1171, 1182 (3d Cir.1990)); see also Primepoint, L.L.C. v. PrimePay, Inc., 401 F. App'x 663, 664 (3d Cir.2010) ("Where the illegal conduct has ceased, the party seeking the injunction bears the burden of proving that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.") (internal quotation marks omitted).

Here, Plaintiff has already conceded that Defendants removed the infringing material from their website, and Plaintiff has not provided any evidence that Defendants are likely to use Plaintiff's copyrighted work in the future without permission. Without an ascertainable and determinable threat of future harm, a permanent injunction is unwarranted. DISH Network, No. 12-1273, at *3. Because Plaintiff has not shown that such relief is necessary to prevent prospective injury, the Court denies Plaintiff's request for a permanent injunction.

      E.     Attorney's Fees and Costs

Finally, Plaintiff seeks to recover attorney's fees and costs. The Copyright Act provides that the Court may, in its discretion, award full costs "against any party other than the United States or an officer thereof," and "may also award a **reasonable** attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (emphasis added). The DMCA also permits the Court to "in its discretion [to] award **reasonable** attorney's fees to the prevailing party."17 U.S.C. § 1203(b)(5) (emphasis added). The Third Circuit has noted that a finding of bad faith is not required for an award of fees and costs. Broadcast Music, 555 F.Supp.2d at 545 (citing Lieb v. Topstone Indus., Inc., 788 F.2d 151, 155-57 (3d Cir. 1986)). However, an award of attorney's fees and costs is not "automatic for all

successful parties." <u>UMG Recordings, Inc. v. Alburger</u>, No. 07-3705, 2009 WL 3152153, at *5 (E.D. Pa. Sept. 29, 2009).

While an award of reasonable attorneys' fees and costs is justified due to Defendants' willful infringement, Plaintiff requests $9,600[6] in attorney's fees and $39,473 in costs without providing any description of the nature of the work performed. Instead, Plaintiff merely provides a final total of hours of his attorney along with his attorney's billing rate. Without any description of the services rendered, the Court cannot determine whether or not the amount requested is reasonable. Cf. <u>Holt's Co. v. Hoboken Cigars, LLC</u>, 2010 WL 4687843, at *5 (D.N.J. Nov. 10, 2010) (finding a blanket request of fees and costs without a specific affidavit detailing how fees and costs were calculated insufficient for court to determine a reasonable award). Therefore, the Court reserves judgment on the amount of costs and attorney's fees to award until Plaintiff provides sufficient documentation for the Court to determine a reasonable award.

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiff is not entitled to damages pursuant to 15 U.S.C. § 1125(a); 73 P.S. § 201-8; or 17 U.S.C. § 1203(c)(3)(A). Plaintiff is also not entitled to permanent injunctive relief. However, Defendants shall be liable to Plaintiff for $12,000 in statutory damages pursuant to 17 U.S.C. § 504(c) and $15,000 in statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B). Plaintiff is also entitled to reasonable attorneys' fees and costs and is directed to file a Petition for Reasonable Attorney's Fees and Costs, on or before August 31, 2012. An appropriate Order follows.

---

[6] Plaintiff's requested attorney's fees are calculated in accordance to 48 hours at a rate of $200 per hour as testified at the July 19, 2012 hearing.

-11-